IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2014

## ANTWON COOK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No.  02-844, 03-038   Carroll L. Ross, Judge**

**No.  E2014-00214-CCA-R3-ECN - Filed July 8, 2014**

The Petitioner, Antwon Cook, appeals the Bradley County Criminal Court's denial of his petition for a writ of error coram nobis regarding his convictions for possession of more than one-half gram of cocaine with the intent to sell and sale of more than one-half gram of cocaine, for which he is serving an effective eight-year sentence.  The Petitioner contends that the trial court erred by denying him relief.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Antwon Cook, Lewisburg, Pennsylvania, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; R. Steven Bebb, District Attorney General; and Stephen M. Hatchett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 9, 2006, the Petitioner pleaded guilty to sale of more than one-half gram of cocaine and possession with the intent to sell more than one-half gram of cocaine and received concurrent eight-year sentences as a Range I, standard offender.  His sentence was ordered to be served concurrently with a federal sentence.

On December 2, 2013, the Petitioner filed a petition for a writ of error coram nobis, raising several issues concerning his guilty plea and sentence and his receiving the ineffective assistance of counsel.  The State responded that the Petitioner attempted to raise the ineffective assistance of counsel claim, which was not appropriate in a petition for the writ

of error coram nobis, and that even if the petition was treated as one for post-conviction relief, it was untimely.

The trial court denied relief and found that the Petitioner had not shown grounds for coram nobis relief. The court stated that it was not inclined to treat the petition as one for post-conviction relief but found that if it did, the petition was filed after the one-year statute of limitations expired and that no reason existed to toll the statute. This appeal followed.

The Petitioner contends that the trial court erred by denying him coram nobis relief. He argues that the court erred in assuming his petition for a writ of error coram nobis was subject to the same statute of limitations as a petition for post-conviction relief. He argues that he received the ineffective assistance of counsel, which resulted in his being illegally sentenced. He also argues that the State failed to establish a factual basis for his guilty plea in the record and that the court erred in failing to require one. He argues that the court erred in failing to provide him with the sentencing hearing transcript. He also argues that the court erred in sentencing him when he did not have the assistance of counsel and did not waive his right to counsel. The State responds that the Petitioner failed to state a cognizable claim for relief. We conclude that the Petitioner is not entitled to relief.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny such a writ rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (2000); *State v. Mixon*, 983 S.W.2d 661, 663 (Tenn. 1999); *State v. Ratliff*, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). The only exception to the statute of limitations is when due process principles require tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

Initially, we note that the State asserted in its response to the petition in the trial court that if the petition was treated as one for post-conviction relief, it was time barred, but not that it was time barred as a petition for coram nobis relief. Further, after the trial court found that no coram nobis relief was available, the court found that the petition was untimely as one for post-conviction relief. In its appellate brief, the State cited law for the coram nobis statute of limitations but did not specifically assert the petition was time barred. However, the State noted in its brief that an exhibit to the Petitioner's brief showed he was transferred to federal custody in 2010 and said, "Even if the petitioner were to have alleged a reason for a tolling of the statute of limitations for either a petition for post-conviction relief or a

petitioner for writ of error coram nobis, such tolling would have expired in 2011, one year after he was transferred to federal custody." We note that this court has granted post-conviction relief when a petitioner's plea was entered based on a promise of concurrency with a federal sentence that could not be fulfilled by the State, resulting in an involuntary plea. *See Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App. Oct. 17, 2000).

The record reflects that the Petitioner's judgments were entered on January 10, 2006, and that his petition for the writ of error coram nobis was filed on December 2, 2013, almost seven years after the judgments became final and beyond the one-year statute of limitations for either coram nobis or post-conviction relief. Still, due process may have tolled the statute if the Petitioner did not realize until his transfer to federal custody that his state sentence could not be served concurrently to the federal sentence, making his guilty plea involuntary and unknowing. The Petitioner states in his brief that he discovered his state and federal sentences were to be served consecutively when he arrived at the federal facility on October 5, 2010, and the State asserts that the Petitioner was transferred to federal custody in 2010. Thus, the petition for coram nobis relief was filed well beyond the one-year statute of limitations for either coram nobis or post-conviction relief even if due process tolled the statute until the issue was discovered in 2010.

The Petitioner has not established that newly discovered evidence was not known to the trial court at the time of his plea or that due process requires consideration of his untimely petition. We conclude that the Petitioner's motion was untimely and barred by Tennessee Code Annotated section 27-7-103 and that he has not stated a proper claim for coram nobis relief. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE